# CIRCUIT COURT OF THE CITY OF NORFOLK

Lee W. Vliet

v.

Sentara Hospitals-Norfolk,
t/a The Therapy Center,
and Stephan Thyssen

Case No. (Law) L91-209

BY JUDGE JOHN E. CLARKSON

February 5, 1993

I have now had an opportunity to read the individual memoranda and the cases cited therein as to the plaintiff's motion to compel responses to requests for production Nos. 1, 2, and 6 and Interrogatories Nos. 8, 9, and 11. For purposes of this discussion, I will rule in the same order as indicated in plaintiff's memorandum.

Defendant shall answer Interrogatory No. 9 (to Sentara and Thyssen). I consider the only really serious objection to be to Interrogatory No. 9B. As to "what such investigations revealed," I feel that, in any accident, there should be an immediate investigation so that both parties will have an easy expected answer as to what happened. I can easily understand that a patient in a hospital, unable to care for him or herself and, thereafter, injured, would need to get this information as quickly and easily as possible. Dr. Vliet alleges she fell off the table. She is entitled to know what happened, and she should be entitled to get this information without the help of attorneys or anyone else. In many accidents, initial investigations are made either by the store owner, conductor, captain of a ship, or the nurses in the hospital. I would think that any investigation of an accident in a hospital would he placed in the medical file of the person allegedly injured. Certainly, all hospital medical records should be available to the plaintiff and, in addition, any other records concerning the plaintiff's accident kept in the ordinary course of the business of operating a hospital.

Robert R. Brinker speaks of incident reports as reports in preparation for litigation that, after their preparation, are forwarded to their attorneys, which reports are not part of a patient's medical chart or other medical records.

It is "stamped 'Confidential'." It is difficult to understand how the patient, under the care of a hospital and injured therein, can easily and quickly find out what caused his injury if he is not told by the hospital. It would appear that this initial investigation should be in the patient's medical records; so, if, as in this case, there was a fall, the medical personnel treating the patient, could take this fall into consideration. It would appear that the emphasis should be on curing the patient and not in a report to an insurance carrier or their attorney. It is not practical or equitable for a patient to be injured under the care of a hospital and then have to hire an attorney to find out what caused the accident. Someone should be able to tell him. I question whether the attorneys for the hospital should have "confidential" information about a patient that is not even available to the patient and her attorneys. If this should in some way be the law, I strongly feel that it should not be, as it is so weighted against one side.

Therefore, the defendants shall produce all incident reports and investigations in regard to this occurrence made in the regular course of the hospital business initially investigating the cause of this accident. I understand fully that the proceedings, minutes, records, and reports of any medical staff committee, utilization review committee and other committees as specified in Va. Code § 8.01-581.16 together with all communications both oral and written originating in or provided to such committees are privileged communications. Also, I strongly feel that any incident report is a hospital medical record kept, with respect to that patient, in the ordinary course of business of operating a hospital, and is, therefore, not privileged.

As to Interrogatory No. 8 to Sentara, I would suggest that the protocol, instruction, policies, manuals, guidelines may or may not be evidence at the time of the trial, but they are certainly discoverable and are not excluded under either Virginia Code §§ 8.01-581.16 or 8.01-581.17. They are or should be available to employees and doctors in the hospital and attorneys after an accident.

Regarding Interrogatory No. 11 to Thyssen, I would order the defendant to identify the protocols and manuals requested. I am somewhat confused, as is defendant, in that the term "authoritative tests" is vague. I would be happy to hear further argument in this regard if it is necessary.

My answer to the request for production would be the same as above.

March 2, 1993

Upon consideration of the plaintiff's Motion To Compel Discovery, the Memorandum of the plaintiff in support thereof, the Memorandum of the defendants in opposition, and the argument of counsel, and for the reasons set forth in the Letter Opinion dated February 5, 1993, it is ordered that the Motion To Compel of the plaintiff be, and it hereby is, granted, and it is further ordered as follows: (A) the defendants, Sentara Hospitals-Norfolk,

shall answer Interrogatory No. 8 and Interrogatory No. 9, (B) the defendant, Stephan Thyssen, shall answer Interrogatory No. 9 and shall, in answer to Interrogatory No. 11, identify any protocols or manuals employed or referred to during his treatment of the plaintiff on or about January 20, 1989, (C) the defendants, Sentara Hospitals-Norfolk and Stephan Thyssen, shall produce the documents identified in their answers to interrogatories, including copies of all incident reports and investigations of the occurrence which is the subject of this action, made in their regular course of business in initially investigating the cause of the occurrence.